IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02355-WYD-CBS

LESLIE WEISE and
ALEX YOUNG,

    Plaintiffs,

v.

MICHAEL CASPER, in his individual capacity;
JAY BOB KLINKERMAN, in his individual capacity;
JOHN/JANE DOES 1-5, all in their individual capacities,

    Defendants.

## **ORDER**

I.     INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court in connection with Defendant Michael Casper's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief May Be Granted, filed January 23, 2006 (docket #20), and Defendant Jay Klinkerman's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Based on the Qualified Immunity of Defendant Klinkerman, filed February 13, 2006 (docket #27).  I have reviewed the motions to dismiss and the responses thereto.  For the reasons stated herein, I find that the motions should be **DENIED WITHOUT PREJUDICE**.

Plaintiffs bring this case pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants Casper, Klinkerman and others, acting under color of law, violated Plaintiffs' First and Fourth

Amendment rights by ejecting them from a public appearance by President George W. Bush on March 21, 2005, because of Defendants' perception that Plaintiffs' viewpoint on public issues differed from the President's viewpoint.

According to the Complaint, Plaintiffs obtained tickets to attend the President's March 21, 2005, speech at the Wings Over the Rockies Air and Space Museum, in Denver, Colorado, through the office of United States Congressman Bob Beauprez. Complaint at ¶¶ 9-13. Plaintiffs arrived at the event in a vehicle owned and driven by Plaintiff Weise which had a bumper sticker that stated "No More Blood For Oil." Complaint at ¶¶ 15-16. When Plaintiff Weise approached the security metal detectors and showed identification, she was prohibited from entering the event and directed to stand with Defendant Klinkerman. Complaint at ¶ 19. Defendant Klinkerman identified himself as a volunteer from Colorado. Complaint at ¶ 19. Soon, Defendant Casper arrived and told Plaintiff Weise that she had been "ID'd," and that "if she had any ill intentions she would be arrested. Complaint at ¶¶ 22-23. The Complaint alleges that Defendant Casper "wore a dark blue suit, an earpiece, and a lapel pin." Complaint at ¶ 22.

Both Plaintiffs were allowed to enter the event. Complaint at ¶ 25. However, shortly after doing so, Defendant Casper approached Plaintiffs, and directed them to leave the event. Complaint at ¶ 27. Plaintiffs were escorted out of the event, and were not allowed to reenter. Complaint at ¶¶ 27-30.

Plaintiffs brings claims against Casper and Klinkerman in their individual capacities, and specifically allege that "[a]t all times, the policies concerning

attendance at the event were set by federal officials acting as federal officials, including some of the Doe defendants. Defendants Klinkerman and Casper ejected the plaintiffs at the direction of and pursuant to policies of those federal officials." Complaint at ¶¶ 6, 7, 33. The Complaint further asserts that Defendants Casper and Klinkerman "conspired" with and "acted in concert with the Doe defendants who directed the ejection and who established the policies that were being enforced by the ejection." Complaint at ¶ 34. "All defendants acted throughout this incident under color of federal law." Complaint at ¶ 36.

II.     ANALYSIS

   A.     Standard of Review

In reviewing a motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *David*, 101 F.3d at 1352 (quoting *Jojola v. Chavez*, 54 F.3d 488, 490 (10th Cir. 1995)). A complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988).

   B.     Motions to Dismiss

Both Defendants contend that the Complaint against them must be dismissed

because they are immune from suit under the doctrine of qualified immunity.  Pursuant to an order entered by Magistrate Judge Shaffer dated April 5, 2006, all discovery in this case was stayed pending resolution of the pending motions to dismiss.  Plaintiffs contend, as a threshold matter, that Defendants may not be entitled to assert the defense of qualified immunity and request additional discovery to determine whether Defendants are entitled to claim "private party qualified immunity" under *Richardson v. McKnight*, 521 U.S. 399 (1997), and *Wyatt v. Cole*, 504 U.S. 158 (1992).  Defendants maintain that Plaintiffs are not entitled to any discovery, and urge the Court to address the merits of their qualified immunity argument without permitting further discovery.

A *Bivens* claim, such as the one asserted in this case, allows a plaintiff to recover from individual federal agents for constitutional violations committed by those agents.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* action will lie where a defendant has violated a plaintiff's rights under color of federal law.  In order to determine whether a defendant has acted "under color of federal law," such that his or her conduct should be attributed to the federal government, courts assess whether the defendant's conduct constitutes "state action" as set forth by the Supreme Court in *Lugar v. Edmonson Oil, Co.*, 457 U.S. 922, 936-42 (1982); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800-01 (3d Cir. 2001).  While Defendant Klinkerman initially asserted that Plaintiffs' *Bivens* action could not apply to him because "Plaintiffs never allege that Defendant Klinkerman was an agent or official of the federal government," in his reply brief, Defendant Klinkerman admits "for purposes of his Motion to Dismiss, that Plaintiffs have alleged circumstances sufficient

to characterize Defendant as a federal actor," and that "[s]uch allegations are sufficient to state and support a *Bivens* action at this stage of the proceedings."  See Klinkerman Motion at 5; Klinkerman Reply at 2.  Indeed, Plaintiffs have alleged that both Klinkerman and Casper acted "under color of federal law," and "at the direction of and pursuant to policies of [ ] federal officials."  Complaint at ¶¶ 33, 36.

Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  *Harlow* places a presumption in favor of immunity on public officials acting in their individual capacities.  *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990).  Generally speaking, once a defendant pleads a defense of qualified immunity, discovery should not be allowed until the Court considers "not only the applicable law, but whether that law was clearly established at the time an action occurred . . .."  *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all."  *Siegert*, 500 U.S. at 232. "Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." *Id.*  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not

only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Id.*

However, not all individuals "acting under color of law" are engaged in governmental functions that would entitle them to assert the defense of qualified immunity. *Wyatt v. Cole*, 204 U.S. 158, 162 (1992); *Richardson v. McKnight*, 521 U.S. 399, 403-04 (1997)*; Eden v. Voss*, 105 Fed.Appx. 234, 241 (10th Cir. 2004) (not selected for publication). Whether private parties acting under color of law can assert qualified immunity was most recently address by the United States Supreme Court in *Richardson v. McKnight.* In *Richardson*, the Supreme Court held that prison guards at a private, for-profit prison could not assert qualified immunity in a suit brought against them by prisoners pursuant to 42 U.S.C. § 1983. *Richardson*, 521 U.S. at 403-04. In reaching this conclusion, the Court reasoned that a private individual is only entitled claim qualified immunity if that claim is supported by historical practice or based on public policy considerations. *Id.* The Court recognized that the purpose served by the qualified immunity doctrine, namely (1) protection of the public from unwarranted timidity on the party of public officials, (2) ensuring that qualified candidates are not deterred from entering public service, and (3) reducing the chance that lawsuits will detract public officials from their governmental duties, were not served by extending qualified immunity to private prison guards. *Id.* at 412.

The immunity question *Richardson* is limited to cases dealing with "a private firm, systematically organized to assume a major lengthy administrative task . . . with limited direct supervision by the government." *Id.* at 413. The Supreme Court carefully

stated that its holding did not "implicate a private individual briefly associated with a government body, serving as an adjunct to government in an essential governmental activity, or acting under close official supervision." *Id.*  In analyzing the *Richardson* decision, the Tenth Circuit has stated that "[i]n light of this substantial-supervision caveat, the courts of appeals have allowed private individuals to assert qualified immunity when the defendants were closely supervised by the government." *Rosewood v. Sunflower Diversified Services, Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005).

In this case, Plaintiffs allege that Defendants Casper and Klinkerman did not set the policies concerning attendance at the event, but ejected Plaintiffs "at the direction of and pursuant to policies" of various federal officials.  Taking these allegations as true, Plaintiffs have alleged "state action" on the part of Defendants, sufficient to support their *Bivens* claim.  However, as discussed above, not all defendants engaged in state action are entitled to assert qualified immunity.  Resolution of that issue turns on whether Defendants Casper and Klinkerman were acting as federal officials or whether they were private parties acting at the direction of federal officials, and whether they were closely supervised.  Defendants do not address this threshold issue in their reply in support of their motion to dismiss, and maintain that Plaintiffs are not entitled to any discovery by virtue of the fact that they have asserted qualified immunity as a defense.  However, before addressing the merits of the qualified immunity defense, I must determine whether Defendants are entitled to assert this defense in the first instance.  In this case, I find that resolution of this issue cannot occur on the record

before me, and that Plaintiffs should be allowed limited discovery. Therefore, I find that Plaintiffs are entitled to limited discovery related to Defendants' assertion of the qualified immunity defense in this case, which includes discovery concerning Defendants' status at the time of the conduct at issue, whether Defendants were "closely supervised" by government officials, and whether Defendants are entitled to assert qualified immunity under *Richardson, supra*. S*ee Eden*, 105 Fed.Appx. at 242.

### III. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Defendant Michael Casper's Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief May Be Granted, filed January 23, 2006 (docket #20) is **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Defendant Jay Klinkerman's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, Based on the Qualified Immunity of Defendant Klinkerman, filed February 13, 2006 (docket #27), is **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Plaintiffs are entitled to limited discovery as set forth herein.

Dated: October 30, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge