IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02355-WYD-CBS

LESLIE WEISE and
ALEX YOUNG,

    Plaintiffs,

v.

MICHAEL CASPER, in his individual capacity;
JAY BOB KLINKERMAN, in his individual capacity;
STEVEN A ATKISS, in his individual capacity;
JAMES A. O'KEEFE, in his individual capacity; and
JOHN/JANE DOES 1-5, all in their individual capacities,

    Defendants.

_____

## ORDER
_____

THIS MATTER comes before me on Defendants Steven Atkiss' and James O'Keefe's Motion to Dismiss [ECF No. 124] filed February 1, 2010. I have considered Plaintiff's Response [ECF No. 125] and Defendants' Reply [ECF No. 126]. For the reasons set forth below, Defendants' motion is granted.

On November 6, 2008, I granted motions to dismiss filed by Defendants Michael Casper and Jay Bob Klinkerman, holding that they did not violate the Constitution and, even if they had, they were entitled to qualified immunity because the Plaintiffs failed to show the violation of a "clearly established" First Amendment right. *See Weise v. Casper*, No. 05-cv-02355, 2008 WL 4838682, *5-8 (D. Colo. Nov. 6, 2008). In that same Order, I also held that the Court lacked personal jurisdiction over Defendant Greg Jenkins. *See id.* at *2-4. Thereafter, Plaintiffs moved to certify the ruling as a final judgment under Rule

54(b) so they could appeal the ruling as to Defendants Casper and Klinkerman. *See* Joint Mot., p. 3 [ECF No. 113]. Plaintiffs cited the following portion of Rule 54(b) in support of their motion,

"Pursuant to Federal Rule of Civil Procedure 54(b):

> when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

Pls.' Motion, p. 3 [ECF No. 113]. Significantly, Plaintiff omitted the opening language of Rule 54(b), which provides, "When an action presents more than one claim for relief[.]" FED. R. CIV. P. 54(b). To convince me that "there [was] no just reason for delay", Plaintiffs claimed that "resolution of an appeal of Defendant Casper's and Klinkerman's motions to dismiss may resolve the case in its entirety at this stage, and avoid the need for costly discovery and a full trial for all remaining parties." Pls.' Motion, p. 3. Finally, Plaintiffs stated that, "[i]f the appellate courts affirm this Court's ruling, then the plaintiffs will necessarily concede that defendants Atkiss and O'Keefe are also entitled to judgment." *Id*. at 3. I granted the motion and certified the November 6, 2008 Order as a final judgment.

Following a timely appeal by Plaintiffs, the Tenth Circuit issued a ruling affirming my Order on January 27, 2010. *Weise v. Casper*, 593 F.3d 1163 (10th Cir. 2010). The Tenth Circuit held that the First Amendment right asserted by Plaintiffs was not clearly established at the time of the presidential event. *Id.* The court therefore determined that Casper and Klinkerman were entitled to qualified immunity. *Id.*

Now that Defendants Atkiss and O'Keefe have moved to dismiss the Complaint for the very reasons expressly contemplated by Plaintiffs in their Motion for Certification,

Plaintiffs now, for the first time, offer numerous reasons why dismissal is inappropriate in their Response. I find Plaintiffs' Response entirely inconsistent with the arguments advanced in their Motion for Certification and the documented past history of the case. The Plaintiffs took one position, used that position to their advantage in obtaining certification, and have now attempted to advance a completely inconsistent position after an adverse ruling from the Tenth Circuit. Plaintiffs appear to be engaging in blatant gamesmanship with the Court. For this reason alone, I could grant Defendants' Motion to Dismiss.

Moreover, dismissal is appropriate here for the reasons advanced by Defendants - they are entitled to qualified immunity and Plaintiffs have abandoned their Fourth Amendment claims against them. Defs.' Reply [ECF No. 126]. Where a defendant submits a motion to dismiss after filing an answer, the motion should be treated as a motion for judgment on the pleadings. *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 n. 5 (10th Cir. 1998); *see also* FED. R. CIV. P. 12(c), (h)(2).[1] The motion to dismiss at issue here should be granted for the same reasons the motion to dismiss as to Casper and Klinkerman was granted. There is no question that if Casper and Klinkerman are entitled to qualified immunity, then Defendants Atkiss and O'Keefe are as well. To rule otherwise would violate the law of the case doctrine. *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th cir. 2000). This finding is also consistent with Plaintiffs' prior concession in this case. *See* Joint Motion for Certification Pursuant to Rule 54(b) [ECF No. 113].

I further find that Plaintiffs' Fourth Amendment claims have been abandoned against Defendants Atkiss and O'Keefe. *See Maestes v. Segura*, 416 F.3d 1182, 1190 n.9 (10th

---

[1] A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y.*, 971 F.2d 522, 528 (10th Cir. 1992).

Cir. 2005) (claims not "seriously addressed" in briefs or pursued against a defendant are deemed abandoned); *Meyer v. Conlon*, 162 F.3d 1264, 1267 (10th Cir. 1998)(claim alleged in complaint but not pursued on appeal is abandoned); *Casto v. Arkansas-Louisiana Gas Co.*, 597 F.2d 1323, 1325 (10th Cir. 1979) ("[A] plaintiff who calls into play the massive machinery of a federal court, with a complaint containing two claims arising from a single event, owes a duty to act definitively with respect to both claims."). There is no doubt that Plaintiffs abandoned their Fourth Amendment claim against Defendants Casper and Klinkerman when they asked for and received a final judgment from this Court. They adopted a similar posture towards Defendants Atkiss and O'Keefe when they proclaimed they would "concede that defendants Atkiss and O'Keefe are also entitled to judgment" if the Tenth Circuit affirmed my prior Order. Plaintiffs have therefore also abandoned their Fourth Amendment claims against Defendants Atkiss and O'Keefe

Accordingly, it is

ORDERED that Defendants Steven Atkiss' and James O'Keefe's Motion to Dismiss [ECF No. 124] is **GRANTED** and all claims against these Defendants are hereby **DISMISSED WITH PREJUDICE**.

Dated: September 2, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
WILEY Y. DANIEL,  
CHIEF UNITED STATES DISTRICT JUDGE